UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCIS DONALD COTA,<br><br>    Petitioner,<br><br>v.<br><br>KENNETH QUINN,<br><br>    Respondent. | No. CV-05-21-CI<br><br>REPORT AND RECOMMENDATION TO DISMISS AS UNTIMELY PETITION FOR HABEAS RELIEF |

On January 13, 2006, the undersigned directed Petitioner to show cause why the captioned matter should not be dismissed for untimely filing. (Ct. Rec. 37.) Petitioner is proceeding pro se; Assistant Attorney General John J. Samson represents Respondent. The parties have not consented to proceed before a magistrate judge.

In response to the court's Order, Petitioner submitted two pieces of correspondence both of which have been reviewed by the court and liberally construed as responses to the Order to Show Cause. (Ct. Rec. 38, 39.) Plaintiff asserts he is entitled to habeas relief because he was suffering from mental illness at the time of his trial and was heavily medicated. Plaintiff also proffered a letter dated August 24, 2000, referring to a refusal to use prescribed medication and confinement to a holding cell until

REPORT AND RECOMMENDATION TO DISMISS AS
UNTIMELY PETITION FOR HABEAS RELIEF - 1

the prescribed level of medication was replaced.  (Ct. Rec. 39.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], Pub. L. No. 104-132, (codified in scattered sections of 8, 15, 18, 22, 28, 40, 42, 50 U.S.C.), Petitioner has one year following completion of direct appeal proceedings, 28 U.S.C. § 2244(d)(1), to file for federal habeas relief unless tolled by state collateral proceedings, 28 U.S.C. § 2244(d)(2)).  The statute of limitations under the AEDPA begins to run on the date the time for seeking *certiorari* expires.  *Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999).  Petitioner has 90 days after the Washington Supreme Court denies a petition for direct review (here, December 3, 2002[1]) within which to petition for a Writ of Certiorari from the United States Supreme Court.  SUP. CT. R. 13.  There is no indication Petitioner sought such a writ; therefore, the statute of limitations under the AEDPA began to run on March 3, 2003, 90 days after the Washington Supreme Court denied discretionary review.  However, because Petitioner had a pending Personal Restraint Petition (PRP) in state court on that March date,[2] the time for filing the federal habeas was tolled while his PRP remained pending in the Washington courts.  28 U.S.C. § 2244(d)(2).  The Washington Supreme Court denied review of the PRP on August 25, 2003.[3]  The AEDPA statute of

---

[1] See Court Rec. 33, Ex. 8.

[2] See Court Rec. 33, Ex. 10.

[3] See Court Rec. 33, Ex. 19.  It is the date of the Supreme Court's Order denying review, rather than the date of the issuance of the Certificate of Finality, that triggers the statute of

REPORT AND RECOMMENDATION TO DISMISS AS
UNTIMELY PETITION FOR HABEAS RELIEF - 2

limitations began to run on August 26, 2003, and continued until Petitioner filed his federal action under the prison mailbox rule on September 1, 2004, 372 days later and seven days beyond the permitted one year filing date. Although he has filed submissions since the State's Answer and Memorandum (Ct. Rec. 34, 38, 39), Petitioner has not provided legal or factual grounds to support equitable tolling of the statute of limitations. Any suggestion raised by Petitioner's recent correspondence that he was suffering from a mental disability does not relate to the time at issue (2003-2004). Accordingly, **IT IS RECOMMENDED** the Petition be **DISMISSED WITH PREJUDICE.**

### OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying any the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the

---

limitations. *White v. Klitzkie*, 218 F.3d 920, 923 n.4 (9th Cir. 2002).

REPORT AND RECOMMENDATION TO DISMISS AS
UNTIMELY PETITION FOR HABEAS RELIEF - 3

1 magistrate judge's record and make an independent determination
2 thereon. The judge may, but is not required to, accept or consider
3 additional evidence, or may recommit the matter to the magistrate
4 judge with instructions. *United States v. Howell*, 231 F.3d 615, 621
5 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 73;
6 LMR 4, Local Magistrate Rules for the Eastern District of
7 Washington.

8     A magistrate judge's recommendation cannot be appealed to a
9 court of appeals; only the district judge's order or judgment can be
10 appealed.

11     The District Court Executive is directed to file this Report
12 and Recommendation and provide copies to Petitioner, counsel for
13 Respondent and the referring district judge.

14     DATED February 16, 2006.

16                     S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS AS
UNTIMELY PETITION FOR HABEAS RELIEF - 4